RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE  3, 8 , 06
BY  CMW

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **GERALD J. HILTON** | **CIVIL ACTION NO. 05-2034-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN DEVILLE** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is an application for a writ of habeas corpus filed in forma pauperis by pro se plaintiff Gerald J. Hilton ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on November 8, 2005. Petitioner challenges his current incarceration. He names Warden Deville as respondent.

On January 11, 2006, this Court sent Petitioner an order granting his motion to proceed in forma pauperis. However, that order was returned to this Court on January 20, 2006, by the United States Postal Service marked "Return to sender inmate no longer here." To date, Petitioner has not informed this Court of his new address.

All parties have the responsibility of promptly reporting to the Court and to all other parties any change in the mailing address. Failure to do so shall be considered cause for

dismissal for failure to prosecute. See ULLR 41.3W.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**, sua sponte, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. See Link v. Wabash Railroad Company, 370 U.S. 626, 82 S.Ct. 1386 (1962); Rogers v. Kroger Company, 669 F.2d 317, 320-321 (5th Cir. 1983).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir.

1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 7th day of March 2006.

                                                          **MARK L. HORNSBY**
                                   **UNITED STATES MAGISTRATE JUDGE**

CC:SMH

H:\PRO SE\RULE41\Hilton.address.2254.ifp.3-06.wpd